UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    ECF CASE
-------------------------------------------------------------X
BERNICE V. POBLADOR,                             06 CV 3836 (LTS)(JCF)

        Plaintiff,

  -against-                                     **COMPLAINT**

                                                             **Jury Trial Demanded**

**FORDHAM UNIVERSITY AND FORDHAM
UNIVERSITY SCHOOL OF LAW, A DIVISION
OF FORDHAM UNIVERSITY,**

        Defendants.
-------------------------------------------------------------X

    Plaintiff, BERNICE V. POBLADOR, by her attorneys, the Law Offices Of LEE NUWESRA, complaining of Defendants, FORDHAM UNIVERSITY AND FORDHAM UNIVERSITY SCHOOL OF LAW, A DIVISION OF FORDHAM UNIVERSITY, respectfully alleges as follow:

## NATURE OF THE ACTION

1. This is an action for discrimination based on Race/Ethnicity, and Retaliation in the terms, conditions, and privileges of employment, as protected under section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 (1982) ("Section 1981"); Race/Ethnicity, National Origin, Age and Retaliation discrimination claims as protected under the New York State Human Rights Law, Executive Law §§ 290 et seq. (the "Human Rights Law"), and by the New York City Human Rights Law, Administrative Code §§ 8-101 et seq. (the "Code").  Moreover, Plaintiff brings this action for discrimination based on Disability and/or Perceived Disability and retaliation in violation of, the New York State Human Rights Law, Executive Law Section 296 et seq. (the "Human Rights Law"), and the New York City Human

      Rights Law, Administrative Code Section 8-101 et seq.  (The "Code").

2. Plaintiff also seeks costs and attorneys fees authorized by 42 U.S.C. § 1981, New York City Administrative Code § 8-101, et seq., § 8-502(f) and other relevant statutes.

## JURISDICTION AND VENUE

3. The jurisdiction of the Court over this controversy lies in 28 U.S.C. § 1331, as the questions before this Court are federal questions.

4. Supplemental jurisdiction of the Court over the State Claims brought under the Human Rights Law, and the Code is based on 28 U.S.C. § 1367(a).

5. The unlawful employment practices alleged below were committed within this District, and within the State of New York.  Accordingly, venue lies within the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. At all times relevant to this action, Plaintiff, Bernice Poblador (hereinafter "Plaintiff" or "Poblador"), was a resident of New York County, City and State of New York.

7. At all times relevant to this action, Defendant Fordham University, (hereinafter "Defendant" or "University"), was doing business, with its principal location, which is East Fordham Road, Bronx, New York 10458.

8. At all times relevant to this action, Defendant Fordham University School of Law, (hereinafter "Law School"), was a division of Defendant Fordham University, doing business at its principal location, which is 140 West 62nd Street, New York, New York 10023.

9. Defendants were under a duty to abide by, 42 U. S.C. §1981.  Moreover, Defendants

2

were under a duty to abide by the New York State Executive Law, Section 296 <u>et seq.</u>, the New York City Administrative Code, Section 8-101 <u>et seq.</u> and the case law arising therefrom, which prohibits discrimination and retaliation in employment on the basis of race/ethnicity, national origin, age, disability and/or perceived disability.

10. Defendants, at all times hereafter mentioned employs more than four (4) persons and are employers within the meaning of both New York State Human Rights law, § 292.5, Executive law § 290. <u>et seq.</u> (hereinafter the "Human Rights Law"), and the New York City human Rights Law, 8-102.5 Administrative Code § 8-101 <u>et seq</u>.

11. Defendants breached their duties under the above-referenced statutes and case law arising therefrom, by discriminating against Plaintiff in employment on the basis of her race/ethnicity, national origin, age, disability and/or perceived disability, and for her engaging in protected activities.

## FACTS

12. Plaintiff Bernice Poblador who is Hispanic of Puerto Rican descent, is 49 years old, born in the year 1957, and suffers from both psychological/mental and physical disabilities, which include, but not limited to Alcoholism, Depression, Anxiety, Herniated Discs in her Back, and other physical ailments.

13. Ms. Poblador educational and work background include a BA in Sociology, a Minor in Social Work and nine years of experience working in the Admission-Offices of Marymount Manhattan College, prior to joining Defendant employer.

14. Ms. Poblador is a single working mother, who cares for her children.

15. During her employment with Defendants, Plaintiff received excellent employment work evaluations.

16. In September 1999, Plaintiff began working for Defendants at Defendant University's

        Law School's Department of Career Planning. She was assigned the title Office Coordinator and in 2003 was promoted to Assistant to the Assistant Dean of Career Planning Center.

17. In the years 2002 and 2003 respectively, Plaintiff underwent surgeries to her Knees (1-10-02), Gall Bladder (7-9-03), and Right Breast, which required her to have follow up treatments with her Doctors that also included physical therapy and weekly medical/mental therapy sessions. In addition, she was also seeing a therapist for treatment for psychological disorders that she was experiencing, and had been diagnosed with stress and anxiety disorder.

18. As an accommodation to Plaintiff for her physical and mental disabilities, initially, Defendants' adjusted Ms. Poblador's work schedule so that she could regularly seek the medical care and treatment that she needed.

19. Defendants perceived Ms. Poblador as being disabled and reasonably accommodated her as such. Moreover, Ms. Poblador provided medical documents regarding her disabilities to Defendants. Thus, creating a record of her disabilities.

20. In the spring of 2004, Plaintiff's supervisor "Mike Schiumo", Irish-Italian-White-late 30's, assumed other responsibilities and a new supervisor, Assistant Director of Career Planning, namely "Suzanne Endrezzi" was assigned to Plaintiff.

21. Upon information and belief, Plaintiff's new supervisor "Suzanne Endrezzi" (White-Irish-Italian, early 30's) thought that Plaintiff was White-Irish-Italian in her 30's.

22. During an office function, Plaintiff in conversation with her supervisor, Ms Endrezzi, informed her, that she wasn't White-Irish-Italian, but was of Latino-Puerto Rican descent, and was in her late 40's.

23. Shortly after learning Plaintiff's heritage and age, Ms. Endrezzi began to harass,

discriminate, and disparately treat Plaintiff because of her Race/Ethnicity, National Origin, and Age.

24. For instance, Ms. Endrezzi would publicly degrade Plaintiff in front of the rest of the office staff, telling her to speak only English and not Spanish. This occurred even if Plaintiff was communicating with a Spanish speaking person, which was a function that Plaintiff had been encouraged to perform before Ms. Endrezzi discovered Plaintiff's age and heritage. She also prohibited Plaintiff from playing Spanish music in the office, even though she permitted younger non-Latino employees to play music in the office. Moreover, Ms. Endrezzi would address and speak to Plaintiff in a condescending and discriminating manner, and make nasty comments about Plaintiff's race/heritage and age. Whereas, other similarly situated non-Latino and younger workers, were dealt with professionally by Ms. Endrezzi.

25. Moreover, on many occasions, Ms. Endrezzi would publicly humiliate and embarrass Plaintiff, in front of her co-workers. For example, when Ms. Poblador would be on the telephone talking in Spanish to Hispanic clientele, Ms. Endrezzi would demand and command that Plaintiff immediately hang up the telephone. In addition, she would scream at her not to speak Spanish in the office.

26. Upon information and belief, White, younger workers were permitted to speak on the telephone, and were not subject to the abusive and discriminating treatment as Plaintiff.

27. Plaintiff complained to Ms. Endrezzi and to Defendants' upper management, but to no avail.

28. In retaliation for Plaintiff complaints, and as further acts of discriminatory conduct against Ms. Poblador, Ms. Endrezzi refused to continue to accommodate Plaintiff's

medical appointments for her disabilities. Instead, Ms. Endrezzi demanded that Plaintiff start work at 7:00 a.m. and work longer hours, until 8:00 p.m.. However, no other worker was requested to work these extended longer hours. Furthermore, Plaintiff was demoted and her title was changed from "Assistant to the Dean of Career Planning" to "Administrative Assistant."

29. Upon information and belief, the demand for Plaintiff to work longer hours was in violation of Defendants' policies and procedures and the existing Collective-Bargaining-Agreement with the Union.

30. Plaintiff refused to work the extended hours and informed her supervisor that she has a young child that she was caring for, and could not work those hours. Ms. Endrezzi informed Plaintiff that children were not her problem, and refused to accommodate Plaintiff.

31. In response to her supervisor's discriminating and retaliating treatment, Ms. Poblador complained to her Hispanic Union-Delegate, ("Nilda Elias"), who with Ms. Poblador filed an internal complaint with Defendants' upper management, specifically, Assistant Dean of Administration, "Mr. Michael Slauenwhite."

32. At the end of September 2004, in response to Plaintiff's complaint, Defendants' upper management summoned Plaintiff to a meeting with them, who upon information and belief, all of Defendants' agents at the meeting were White of Italian decent.

33. Plaintiff was not previously notified of the meeting, and requested that representation be provided to her.

34. Plaintiff requested that her Union-representative, "Nilda Ellias", (Hispanic), who had aided her in bringing the complaint be permitted to represent her. But Defendants'

upper management refused Plaintiff's request, instead, against Plaintiff's wishes, they only permitted representation of Plaintiff by Union delegate "Kathleen Ruggero", who upon information and belief, is also White of Italian Heritage.

35. The refusal of Defendants to permit Plaintiff to choose her own representative was a further act of discrimination and retaliation against Plaintiff.

36. At the meeting, Defendants refused to listen to Plaintiff's complaints of discrimination and retaliation against her by Ms. Endrezzi. Instead, Plaintiff was informed that she could either continue in the same discriminatory atmosphere, or find a new job.

37. The meeting caused Plaintiff to experience an emotional breakdown, which forced her to seek immediate medical attention. Accordingly, Plaintiff was prescribed "Valium".

38. Upon her return to work, Defendants informed Plaintiff that because of her emotional and psychological disabilities, she would be transferred to another position.

39. In October 2004, after complaining of Ms. Endrezzi conduct, which Ms. Poblador felt was discriminatory, she was demoted and transferred to the Admissions Department of Fordham University Law School. Her title was also changed to "Admissions Assistant."

40. After joining the newly assigned department, Ms. Poblador continued to experience a hostile work environment and harassment.

41. Ms. Poblador believes that in retaliation for her past engagement of protected activity, the University's School of Law Admissions Department labeled her a "Super Bitch". Moreover, she was treated disparately by being denied overtime, despite her seniority, and denied promotional opportunities, which were given to younger, non-Hispanic

individuals.

42. In addition, a younger co-worker, with less seniority "Ms. Adonza Anderson", was promoted over Plaintiff.

43. Ms. Anderson would continually make degrading comments to Plaintiff, such as referring to Plaintiff as "Ms. Plastic", and tell Ms. Poblador that she may be Puerto Rican, but "she dresses like a little "White Wannabe Bitch".

44. Plaintiff again complained to Defendants' upper management, but to no avail.

45. As retaliation for Plaintiff's complaints, despite knowing that Plaintiff had physical disabilities and limitations, Defendants assigned Plaintiff demeaning dirty jobs, and forced her to lift heavy files, which was not part of her job description. After plaintiff complained she was informed that if she doesn't like it she could quit.

46. Plaintiff has since been diagnosed as suffering from Herniated Discs in her back at the C5-C6, C6-C7 and L5-S1 level, and having Carpal Tunnel Syndrome.

47. Upon information and belief, Defendants did not treat physically non-disabled, younger and/or non-Hispanic workers in a similar manner.

48. On August 18, 2005, Ms. Poblador underwent lateral epicondylar release surgery to her right elbow.

49. On November 18, 2005, her physician released her to return to work on light duty with certain restrictions.

50. On November 21, 2005, Plaintiff returned to work on "light duty" and was accommodated by Defendants as prescribed by her treating physician. However, despite previously doing so before Plaintiff's complaints, Defendants refused to reasonably accommodate Plaintiff necessary medical appointments, as recommended by her Doctors.

8

51. In further discriminatory retaliation, on January 3, 2006, Plaintiff without prior notice was advised that Defendants did not have a "light duty policy", and that she could no longer continue working unless she can do so without any restrictions. She was immediately told to leave her employment.

52. Since January 3, 2006, Defendants have refused to reasonably accommodate Plaintiff because of her disabilities, despite having done so in the past. Therefore, Plaintiff has been denied the opportunity to return to work and receive her full salary and benefits.

53. Plaintiff contends that Defendants' refusal to reasonably accommodate her is part of its continual acts of discrimination and retaliation against Plaintiff for engaging in protected activities.

54. As a result of Defendants' actions, Plaintiff's alcoholism, depression and anxiety attacks have worsened.

## DAMAGES

55. As a direct and proximate consequence of Defendants' intentional and unlawful discrimination, on account of Plaintiff's, Race/Ethnicity, National Origin, Age, Disability, and Perceived Disability as heretofore and hereafter described, Plaintiff has suffered lost wages, future earnings or front pay, severe mental and emotional harm, and other nonpecuniary losses, including, but not limited to, emotional distress, pain and suffering, anxiety, depression, loss of self-esteem and injury to her professional standing, and had to incur expenses, including legal costs and fees.

**AS AND FOR A FIRST CAUSE OF ACTION: 42 U.S.C. § 1981**
**(Race/Ethnicity Discrimination and Retaliation By Defendants)**

56. Plaintiff repeats and re-avers each and every one of the allegations set forth in paragraphs 1 through 55 of this Complaint with the same force and effect as if each

were fully set forth herein.

57. Plaintiff is Hispanic of Puerto Rican descent, and as such is a member of a protected class under 42 U.S.C. § 1981.

58. Defendants discriminated and then retaliated against Plaintiff for complaining about the disparate treatment she received from her supervisors on the basis of her race/ethnicity.

59. Defendants' hostile and abusive treatment of Plaintiff including, but not limited to their demotion of Plaintiff to a lesser position and title, their failure to provide reasonable accommodation for her known or perceived disability, and their failure to promote her, was on account of her race/ethnicity, in violation of her rights under § 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

60. In intentionally taking the above described action, Defendants, caused Plaintiff to suffer loss wages, future loss wages or front pay, other benefits, pain and suffering, legal fees and costs.

**AS AND FOR SECOND CAUSE OF ACTION: NEW YORK STATE HUMAN RIGHTS LAW (Race/Ethnicity, National Origin, Age, Disability and/or Perceived Disability Discrimination and Retaliation By Defendants In Violation Of New York State Law)**

61. Plaintiff repeats and re-avers each and every one of the allegations set forth in paragraphs 1 through 60 of this Complaint with the same force and effect as if each were fully set forth herein.

62. Plaintiff is a member of a protected class of persons under the New York State Human Rights Law as it relates to Race/Ethnicity, National Origin, Age, and Disability. Plaintiff is Hispanic of Puerto Rican descent, 49 years old, born in the year 1957, and suffers from both psychological/mental and physical disabilities. She is a

disabled person, and/or was regarded as a person with a disability, who suffers from Alcoholism, Anxiety and Depression.

63. Defendants violated the New York State Human Rights Law Section 296 et seq., which prohibits discrimination on the basis of Race/Ethnicity, National Origin, Age, and Disability, when it demoted her and then refused to reasonably accommodate. Defendants refused her employment, after she sought the accommodation of working light duty. Moreover, Plaintiff was past over for promotion by younger, non-Hispanic employee, less senior, qualified employees, in violation of Defendants policies and procedures.

64. Plaintiff was capable of performing the essential functions of her job with reasonable accommodation.

65. Plaintiff has done her work in a satisfactory manner during her employment with Defendants.

66. Defendants were aware of Plaintiff's disability at the time of her demotion and/or regarded her as being disabled.

67. For the foregoing reasons, Defendants, which were under a duty to abide by State Law which proscribes discrimination in employment based on Race/Ethnicity, National Origin, Age, and Disability, discriminated against Plaintiff by not providing reasonable accommodation and unjustly demoting and refusing to promote her based on her Race/Ethnicity, National Origin, Age, Disability, and Perceived Disability. Defendants discriminatory and retaliatory conduct, were in violation of the New York State Human Rights Law Section 296 et seq.

**AS AND FOR A THIRD CAUSE OF ACTION: ADMINISTRATIVE CODE**
**(Race/ Ethnicity, National Origin, Age, Disability and/or Perceived Disability**
**Discrimination and Retaliation In Violation Of New York City Law)**

68. Plaintiff repeats and re-avers each and every one of the allegations set forth in paragraphs 1 through 67 of this Complaint with the same force and effect as if each were fully set forth herein.

69. Plaintiff is a member of a protected class of persons under the Administrative Code, as it relates to Race/Ethnicity, National Origin, Age, and Disability. Plaintiff is Hispanic of Puerto Rican descent, 49 years old, born in the year 1957, and suffers from both psychological/mental and physical disabilities. She is a disabled person, and/or was regarded as a person with a disability, who suffers from depression.

70. Defendants' violated Section 8- 101 et seq. of the Administrative Code, which prohibits discrimination on the basis of Race/Ethnicity, National Origin, Age, and Disability, when it demoted her, refused promotional opportunities to her and then refused to reasonably accommodate Plaintiff.

71. Plaintiff was capable of performing the essential functions of her job with reasonable accommodation.

72. Plaintiff has done her work in a satisfactory manner during her employment with Defendants.

73. Defendants were aware of Plaintiff's disability at the time of her demotion and/or regarded her as being disabled.

74. For the foregoing reasons, Defendants, which were under a duty to abide by New York City Local Law which proscribes discrimination in employment based on

Race/Ethnicity, National Origin, Age, and Disability, discriminated against Plaintiff by not providing reasonable accommodation and unjustly demoting and refusing to promote her based on her Race/Ethnicity, National Origin, Age, Disability, and Perceived Disability. Defendants' discriminatory and retaliatory conduct, were in violation of the New York City Administrative Code..

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Bernice Poblador, respectfully demands judgment and prays that this Honorable Court issue an order as follows:

(a) A declaratory judgment that Defendants, discriminated against Plaintiff on account of her Race/Ethnicity, National Origin, Age, and Disability or Perceived Disability, in violation of 42 U.S.C. § 1981, the New York State Human Rights Law Section 296 et seq., (the "Human Rights Law"); and the New York City Human Rights Law, Administrative Code Section 8-101 et seq. (The "Code").

(b) Injunctive relief permanently restraining and enjoining Defendants from making employment decisions on the basis of the Race/Ethnicity, National Origin, Age, and Disability of their employees and monitoring these Defendants' employment practices;

(c) Plaintiff is also respectfully, jointly and severally, seeking back pay, back pay from loss of promotional opportunity, front pay, that she has and/or will lose as a result of Defendants' unlawful discrimination against her, on account of her Race/Ethnicity, National Origin, Age, and Disabilities and/or perceived disabilities and retaliation for engaging in protected activities, together with all interest on said amounts, benefits reinstated, compensatory and punitive damages, attorney's fees, as well as costs, reimbursement expenses and disbursement;

(d) Reinstatement with reasonable accommodation to her former position as the Office

Coordinator and Assistant to the Assistant Dean of Career Planning Center or to a promotional position, so that she can continue to seek medical treatment for her disabilities;

    (e) Requiring Defendants' to pay jointly and severally under 42 U.S.C. § 1981 and/or the "code", all reasonable attorney's fees and cost of this action; and

    (f) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated:  New York, New York
        May 19, 2006

                                      Respectfully submitted,
                                      Law Offices Of Lee Nuwesra

                                      */s/ Lee Nuwesra*
                                      Lee Nuwesra (LN-5851)
                                      Jerald Abrams (JA-3585)
                                      Attorneys for Plaintiff
                                      60 East 42nd Street, Suite 838
                                      New York, New York 10017
                                      (212) 682-0655

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.